UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GEORGE HAAS, ET AL.**                             CIVIL ACTION

**VERSUS**                                          **06-7233**

**LAFAYETTE INSURANCE COMPANY, ET AL.**             SECTION B(1)

ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand And For Attorney's Fees (Rec. Doc. No. 7). After review of the pleadings, attachments, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion is **GRANTED** in part and **DENIED** in part.

*BACKGROUND*

Plaintiffs filed suit against Lafayette Insurance Company ("Lafayette")in the Civil District Court for the Parish of Orleans. Plaintiffs allege Lafayette failed to fully tender compensation for claims made under Plaintiffs' homeowner's insurance policy following Hurricane Katrina.

Lafayette filed a Notice of Removal on the basis of supplemental subject matter jurisdiction pursuant to 28 U.S.C. §§ 1369 and 1441. Plaintiff filed the instant Motion To Remand and challenges the existence of federal subject matter jurisdiction.

*DISCUSSION*

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Insurance Co. Of America*, 114 S.Ct. 1673, 1675

1

(1994). As such, federal courts possess only the power authorized by the Constitution and Congress. *Id.* (citations omitted). "It is to be presumed that a cause lies outside of this limited jurisdiction (citations omitted) and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id*. (citations omitted).

Defendant contends this Court has supplemental jurisdiction over the instant matter pursuant to 28 U.S.C. §§ 1369, 1441(e)(1) and 1441 (e)(5) considering Lafayette is a defendant in class action lawsuits arising out of Hurricane Katrina[1] and the instant litigation arises out of Hurricane Katrina.

28 U.S.C. § 1369(a) provides:

> The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if-
>
> (1) a defendant resides in a State and a substantial part of the accident took place in another State or the other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
>
> (2) any two defendants reside in different

---

[1] Lafayette is a defendant in *Abadie, et al. v. Aegis Security Ins. Co., et al.*, No. 06-5164 (E.D.La.); *Bertholet, et al v. Boh Bros. Construction Co., LLC, et al.*, No. 05-4182 (E.D.La.); *Randall v. Allstate Indemnity Co.*, No. 06-1053 (E.D.La.), and *Caruso, et al. v. Allstate ins. Co., et al.*, No. 06-2613 (E.D.La.).

>    States, regardless of whether such
>    defendants are also residents of the
>    same State or States; or
>
> (3) substantial parts of the accident took
>    place in different States.

28 U.S.C. § 1441 (e)(1)(B) provides:

> [A] defendant in a State court may remove the
> action to the district court of the United
> States for the district and division embracing
> the place where the action is pending if . . .
> the defendant is a party to an action which is
> or could have been brought, in whole or in
> part, under section 1369 in a United States
> district court and arises from the same
> accident as the action in State court, even if
> the action to be removed could not have been
> brought in a district court as an original
> matter.

28 U.S.C. § 1441 (e)(5) provides:

> An action removed under this subsection shall
> be deemed to be an action under section 1369
> and an action in which jurisdiction is based
> on section 1369. . . .

Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and/or 1441(e)(1) when the action arises from "a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a). An "accident" must be a "sudden accident, or natural event culminating in an accident, that results in death at a discrete location by at least 75 natural persons." 28 U.S.C. § 1369(c)4.

The Eastern District has consistently declined to extend jurisdiction under 28 U.S.C. §§ 1369 and 1441 (e)(1) to cases arising out of Hurricane Katrina and/or levee breaches for failure

to satisfy the "single accident" requirement.[2]

Defendant failed to establish that the Katrina-related cases in which Lafayette is named a defendant arose out of an "accident" within the meaning of 28 U.S.C. § 1369.  Furthermore, Defendant failed to establish that the case at hand arises from the "same accident" as any of the Katrina-related cases in which Lafayette is named a defendant pursuant to 28 U.S.C. § 1441 (e)(1).  As such, the requirements of 28 U.S.C. § 1369 are not satisfied and subject matter jurisdiction does not exist pursuant to 28 U.S.C. § 1441. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **GRANTED**.

Finding that Defendant's basis for removal was reasonably objective, **IT IS FURTHER ORDERED** that Plaintiff's motion for costs is **DENIED**.

New Orleans, Louisiana this 15th day of December, 2006.

UNITED STATES DISTRICT JUDGE

---

[2] See *Southhall v. St. Paul Travelers Ins. Co.*, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (holding Hurricane Katrina was not an "accident" within the meaning of the statute); *Carroll v. Lafayette Ins. Co.*, 2006 WL 2663013 (E.D. La. September 14, 2006) (holding levee breaches throughout New Orleans fail to satisfy the statutory definition of an "accident"); *Southern Athletic Club, L.L.C. v. Hanover Ins. Co.*, 2006 WL 2583406 (E.D. La. September 6, 2006) (noting Hurricane Katrina does not satisfy the statutory definition of an "accident" and the narrow jurisdiction under 28 U.S.C. § 1369 is not intended unless there are many plaintiffs and many defendants).